IN RE PAVING WHITE POLE OR RIVER TO RIVER ROAD.

**HIGHWAYS:** Primary Roads—Assessment District as Finality. Lands within a duly formed and approved primary road paving district are not automatically removed from the district by the extension of the boundaries of a *city*, subsequent to such formation and approval and prior to the letting of the contract for the improvement, *so as to embrace said lands.*

*Appeal from Polk District Court.*—J. C. HUME, Judge.

MARCH 14, 1922.

THIS is an appeal by 52 property owners from assessments made by the board of supervisors upon their property for paving a primary road known as the River to River Road. By agreement, all the appeals were consolidated. They all involve the same question. The trial court sustained the assessments, and the property owners have appealed.—*Affirmed.*

*Crom Bowen,* for appellants.

*George A. Wilson,* for appellee.

EVANS, J.—The board of supervisors of Polk County, on January 5, 1920, duly established a primary road district known as No. 3, for the purpose of paving a primary road. The boundaries of the assessment district were fixed, and all proceedings had, under the provisions of Chapter 237 of the Acts of the Thirty-eighth General Assembly. The property of the 52 appellants was all included in such assessment district. This property consisted largely of platted residence properties in the near vicinity of Valley Junction. In March or April following, all of this property became a part of the city of Valley Junction, by certain proceedings had for extending the boundaries of said city so as to include all of such property. The letting of the paving enterprise by contract was done on a date subsequent to the incorporation of such property within the city, and likewise the formal assessment of benefits against such property.

The contention of appellants is predicated upon the following provision of Section 8 of such chapter:

"No district established by the board of supervisors shall embrace real estate within a city, but no proceedings for an improvement which embraces a road or street of a town shall be affected by the fact that subsequent to the establishment of the district, and before the completion of the improvement, such town becomes a city by change in population."

It is the contention that, because of this inhibition in the statute, the property of the appellants ceased to be a part of the road district, when it became a part of the city of Valley Junction. Stress of argument is laid, not only upon the first part of the sentence above quoted, but upon the exception or qualification contained in the latter part of such sentence, in that such exception does not apply to or include such a case as is presented by the appellants. None of such appellants are abutting owners upon the paved road. It is argued, therefore, that the exception noted does not apply to them. It may be readily conceded that such exception has no application to them. This fact furnishes no aid to the appellants, unless an implication can be drawn therefrom that the first part of the sentence had the legal effect to eliminate the property of the appellants from the district. The process of establishment of the district was complete before such property became a part of the city of Valley Junction. Section 9 of Chapter 237 provides:

"The said commission shall examine said project, and before approval shall have power to so modify the same as to comply with this act. Upon the approval of said resolution by the state highway commission, the said district or districts, as proposed by the board, shall be deemed *finally established.*"

Under this provision, the establishment of the district, when completed, was *final.* Construing both Sections 8 and 9 together, we deem it clear that the identity of the district and of the property included therein was in no manner affected by subsequent proceedings which included a part of the district in the city of Valley Junction. Such was the holding of the trial court. Its judgment is, accordingly,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.